UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KELLY M., ) | |
|       Plaintiff, ) | |
| ) | |
|    v. ) | CAUSE NO.: 2:21-CV-80-JVB |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
|       Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Kelly M. seeks judicial review of the Social Security Commissioner's decision denying her application for disability insurance benefits and asks this Court to reverse that decision and remand this matter for an award of benefits or, alternatively, for further administrative proceedings. For the reasons below, this Court grants Plaintiff's alternative request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

**PROCEDURAL BACKGROUND**

In Plaintiff's April 27, 2016 application for benefits, she alleged that she became disabled on November 15, 2014. On March 31, 2020, the undersigned remanded the May 7, 2018 Administrative Law Judge's (ALJ) unfavorable decision. After a November 3, 2020 hearing, the same ALJ issued a new decision on November 12, 2020, and found that Plaintiff suffered from the severe impairments of degenerative disc disease, anxiety, and bipolar disorder. (AR 653). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had

> the residual functional capacity [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can lift and carry ten pounds occasionally and less than ten pounds frequently. The claimant can sit for six hours and stand

> and/or walk for two hours for a total of eight hours in workday, with normal breaks. The claimant can occasionally climb ramps and stairs as well as occasionally stoop and crouch. The claimant can never climb ladders, ropes, or scaffolds, never balance, never kneel, and never crawl. The claimant can never work at unprotected heights, or around dangerous machinery with moving mechanical parts. The claimant can never work in vibration, never work in extreme cold, never work in wetness or humidity, never use foot controls, and never operate a motor vehicle as part of her work-related duties. The claimant can occasionally interact with the general public, coworkers, and supervisors. Every twenty minutes, the claimant must be allowed to shift positions or alternate between sitting and standing for one to two minutes at a time while remaining on task. The claimant must use a medically necessary cane at all times while walking.

(AR 655-56). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was unable to perform any past relevant work but was able to perform the representative occupations of circuit board assembler, address clerk, and sorter. (AR 661-62). Accordingly, the ALJ found Plaintiff to be not disabled from November 15, 2014, through December 31, 2019, which is the date Plaintiff last met the insured status requirements of the Social Security Act.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

(1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff asserts that the ALJ's decision cannot stand due to a separation of powers issue and because the ALJ's decision contains errors that mandate remand. The Court finds that the ALJ erred in weighing the opinion of treating physician Dr. Yano and remands this matter on that basis.

### A. Separation of Powers

Plaintiff argues that the Commissioner of Social Security's final decision denying Plaintiff's disability benefits claim was constitutionally defective because of a Social Security Act provision that limits the President's authority to remove the Presidentially-appointed, Senate-confirmed Commissioner of Social Security without good cause. 42 U.S.C. § 902(a)(3). The parties agree that 42 U.S.C. § 902(a)(3) violates the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause. *See* Office of Legal Counsel, U.S. Dep't of Justice, Constitutionality of the Commissioner of Social Security's Tenure Protection, 2021 WL 2981542 (July 8, 2021).

However, where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction actually caused her harm. *Collins v. Yellen*, 141 S.Ct. 1761, 1787-89 (2021). The Supreme Court in *Collins* suggested that compensable harm could be traced to the unconstitutional removal position if "the President had made a public statement expressing displeasure with actions taken by a Director and had asserted that he would remove the

3

Director if the statute did not stand in the way." 141 S. Ct. at 1789. Plaintiff submits a statement by President Biden that, in Plaintiff's view, indicates that President Biden would have fired former Commissioner Saul upon President Biden's inauguration had Commissioner Saul not enjoyed the protection of an unconstitutional statute that limited presidential ability to remove a Commissioner without cause.

Whether President Biden would have removed the Commissioner is irrelevant here. The ALJ issued his decision on November 12, 2020, which became the final decision of the Commissioner 61 days later on January 12, 2021. *See* (AR 648 ("If you do not file written exceptions and the Appeals Council does not review my decision on its own, my decision will become final on the 61st day following the date of this notice.")). President Biden was inaugurated January 20, 2021, so removal of Commissioner Saul immediately upon President Biden's January 20 inauguration would have had no effect on the decision here becoming the final decision of the Commissioner on January 12. Plaintiff has made no argument that former President Trump would have fired Commissioner Saul, so Plaintiff has not shown that the restriction on removal of the Commissioner caused her harm. There is no basis on which to order remand here.

### B. Treating Physician Opinion

Under the "treating physician rule," which is found in the version of the regulations that apply to Plaintiff's claim, the opinion of a treating physician on the nature and severity of an impairment is given controlling weight if it "is well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with the other substantial evidence in [the] case record." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011); 20 C.F.R. § 404.1527(c)(2) (applicable to claims filed before March 27, 2017). "An ALJ must offer good reasons for discounting the opinion of a treating physician." *Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016)

4

(citing *Moore v. Colvin*, 743 F.3d 1118, 1127 (7th Cir. 2014)). When an ALJ does not give controlling weight to the opinion of a treating physician, he must weigh the opinion in accordance with regulatory factors. *See* 20 C.F.R. §404.1527(c)(2) ("When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion."); *Scrogham v. Colvin*, 765 F.3d 685, 697-98 (7th Cir. 2014); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2006).

Dr. Yano opined that Plaintiff would likely be off task for more than 25% of a typical workday and that she would likely have more than four absences from work in a month. (AR 534). Dr. Yano also opined that Plaintiff could not sit, stand, or walk more than one hour in a workday. (AR 535).

The ALJ afforded Dr. Yano's opinions "some weight," stating that Dr. Yano's opinions are "partially consistent" with the record. (AR 660). The ALJ clarified that he "accepted the opinion to the extent it is consistent with sedentary work, but does not find that the record supports that [Plaintiff] would be unable to perform the minimal standing and walking demands of this work, especially with cane." (AR 660).

Regarding Plaintiff's off task time and monthly absences, the ALJ noted only that "the record indicates that [Plaintiff] does not appear to be in acute distress." (AR 660). The ALJ does not explain how the lack of acute distress renders Dr. Yano's opinions not well supported by medically acceptable clinical and laboratory techniques or inconsistent with the other substantial evidence in the record. Dr. Yano stated throughout his opinion that Plaintiff's limitations were caused by severe pain. *See* (AR 534-36). The evidence the ALJ points to regarding the lack of acute distress also document that Plaintiff was in pain. *See* (AR 552-55 (listing "no acute distress"

5

but documenting consistent pain at level four and opioid pain medication), 396-99 (same); 492 (listing "no acute distress" but documenting consistent pain at level six)). That is, the ALJ's cited evidence supports Dr. Yano's opinion instead of contradicting it.

The ALJ also noted that Dr. Yano had only treated Plaintiff on four occasions, but this is not a sufficient basis to refuse to apply the treating physician rule. *See Jelinek*, 662 F.3d at 811; 20 C.F.R. § 404.1527(c)(2). The length of the treating relationship is appropriate to consider when assigning weight if the treating physician rule is not applied, but it is not used in determining whether to apply the treating physician rule. 20 C.F.R. § 404.1527(c)(2) ("When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section [including the length of the treatment relationship and the frequency of examination].").

The ALJ's decision does not show that the ALJ properly applied the treating physician rule to Dr. Yano's opinion regarding time off task and absences. The only evidence cited on this matter supports Dr. Yano's opinion. There is no logical bridge from the evidence to the decision to not assign controlling weight to Dr. Yano's opinion regarding time off task and absences. Therefore, this case must be remanded.

### C. Other Matters

The ALJ was incorrect to state that Plaintiff did not undergo injections. (AR 657). She received bilateral sacroiliac joint injections on August 17 and October 12, 2018, and she received facet joint injections at C2-3 and C-4 of her spine on March 11 and August 19, 2020, though the last two injections were after the date last insured. (AR 858, 882, 915, 938). Factual errors undermine an ALJ's decision. *Allord v. Barnhart*, 455 F.3d 818, 821 (7th Cir. 2006).

Though Plaintiff has requested remand for an award of benefits, the appropriate relief is the alternative request for remand for further administrative proceedings because the Court cannot say that "all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the alternative relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 16], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings consistent with this opinion.

SO ORDERED on September 9, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT